**Javed KHAN, Petitioner–Appellant,**

v.

**Leonard A. PORTUONDO, Respondent–Appellee.**

No. 97–2942.

United States Court of Appeals, Second Circuit.

Jan. 4, 2001.

Richard B. Lind, New York, NY, for appellant.

Johnnette Traill, Kew Gardens, NY, Queens County District Attorney's Office; Richard A. Brown and John M. Castellano, on the brief, for appellee.

Present JACOBS, LEVAL and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Petitioner Javed Khan appeals from a November 20, 1997 order of the United States District Court for the Eastern District of New York (Raggi, J.) dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Khan was convicted of murder, robbery and kidnapping in New York state court and is currently serving his sentence. On his direct appeal, the Appellate Division ruled (a) that the admission of certain statements into evidence at trial violated Khan's Sixth Amendment right to confront adverse witnesses, but (b) that the error was harmless. *See People v. Khan*, 200 A.D.2d 129, 613 N.Y.S.2d 198 (2d Dep't 1994). The New York Court of Appeals denied Khan's application for leave to appeal. *See People v. Khan*, 84 N.Y.2d 937, 621 N.Y.S.2d 536, 645 N.E.2d 1234 (N.Y.1994). For the reasons set forth below, we affirm the district court's denial of habeas relief.

The facts of this case are set forth in detail in the Appellate Division's 1994 decision. *See Khan*, 613 N.Y.S.2d at 199–201. The facts recounted here are those needed for context.

Khan and six co-defendants were tried before a jury for the kidnap, robbery and murder of Deepak Gawri, a Queens grocery store owner.[1] The defendants picked up Gawri from his Queens grocery store in the early morning hours of January 12, 1990; Gawri's body was found later that day slumped over the steering wheel of his car in a Queens residential neighborhood.

Two of Khan's co-defendants made incriminating post-arrest statements to the police. Each statement, after redaction, was offered into evidence at trial against the defendant who made it. Because these statements were redacted, they made no direct reference to Khan's role in the murder, but they did tend to undermine Khan's version of events and his defense of justification. The government also introduced: (i) testimony that, after the murder, Khan had given undercover agents a gun (which proved to be the murder weapon) to be fitted with a silencer and had remarked that the weapon "puts people down;" (ii) proof that Khan, in fact, owned the weapon that was used to kill Gawri; and (iii) testimony from an eyewitness that Khan shot Gawri without provocation. Khan testified on his own behalf, admitted that he had shot Gawri, but explained that Gawri had drawn a weapon and pointed it at him, and that his shooting of Gawri was therefore self defense.

Khan was convicted of three counts of second degree murder, second degree kidnaping, first degree robbery and two counts of second degree criminal weapons possession.

Khan asserts two grounds for reversal in this appeal. First, he argues that the district court, which concluded that Khan's Confrontation Clause rights were *not* violated, failed to defer under 28 U.S.C. § 2254(d) to the Appellate Division's determination to the contrary. Second, he argues that the admission of his co-defendants' post-arrest redacted statements did in fact violate the Confrontation Clause, and that this violation was not harmless.

We have previously ruled that when "a federal district court, on habeas review, has reason to believe that a state appellate court erroneously reversed a state trial court ruling on an issue of federal law that directly bears on the constitutionality of petitioner's conviction, the district court may reexamine that issue in the exercise of its sound judicial dis-

---

1. One of Khan's co-defendants was tried jointly with the others, but he absconded before trial and thus was not present at any of the proceedings. Another co-defendant elected to have his culpability determined by the trial judge, and was acquitted of all counts.

cretion." *Pinkney v. Keane,* 920 F.2d 1090, 1099 (2d Cir.1990). We need not decide whether *Pinkney* resolves the issue in the slightly different context of this case, because we affirm on harmless error grounds.

Assuming without deciding that admission of Khan's co-defendants' statements violated Khan's rights, we conclude that any such error was harmless.

In a habeas proceeding, an error under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), is harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Samuels v. Mann,* 13 F.3d 522, 526 (2d Cir.1993) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). Khan is not entitled to habeas relief unless he can demonstrate that the *Bruton* error resulted in "actual prejudice ." *Brecht,* 507 U.S. at 637. In this Circuit, the weight of the evidence is the most important factor in determining prejudice. *See Samuels,* 13 F.3d at 526–27 (2d Cir.1993).

In view of the overwhelming evidence against him, Khan cannot demonstrate that the admission of the redacted statements "had substantial and injurious effect or influence in determining the jury's verdict" or that he suffered "actual prejudice." *Brecht,* 507 U.S. at 637. The independent evidence of Khan's guilt was powerful: (i) an eyewitness testified that Khan shot Gawri without provocation; (ii) Khan himself admitted that he shot Gawri; (iii) Khan owned the weapon used in the killing; and (iv) Khan made inculpatory statements to an undercover federal agent shortly after Gawri's murder suggesting that he had recently used one of the weapons to kill someone. Khan claimed justification, but there was ample evidence for the jury to reject this defense.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.