People v Khan (2004 NY Slip Op 50644(U))

[*1]

People v Khan

2004 NY Slip Op 50644(U)

Decided on June 23, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2004

Supreme Court, Queens County
THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff,
against
JAVED KHAN, Defendant.
499-90

DEFENDANT PRO SE, For the Motion. RICHARD A. BROWN, D.A., BY: A.D.A. EMIL BRICKER, for plaintiff.

Seymour Rotker, J.
The following constitutes the opinion, decision and order of the Court.
By motion dated May 12th and May 15, 2004, defendant seeks an order of the court to vacate the judgment of conviction pursuant to CPL 440.10(1)(h) upon the ground that it was obtained in violation of his rights under the United States Constitution and the New York State Constitution in light of the Supreme Court's decision in Crawford v. Washington, 541 U.S. ___, 124 S. Ct. 1354, 2004 LEXIS 1838 (March 8, 2004).[FN1]
Defendant's specific claims are that admission of the co-defendants' redacted statements at their joint trial violated his right to confrontation pursuant to Crawford, supra, and therefore, the appellate court's ruling that his confrontation rights were not violated was erroneous.[FN2]
In response, the People have filed an affirmation in opposition dated June 17, 2004, whereby they assert that defendant's motion should be denied in its entirety for the following reasons: (1) the motion itself is procedurally barred; (2) Crawford, upon which defendant relies, does not apply retroactively; and (3) that Crawford does not apply to the underlying facts of this case.
For the reasons stated herein, defendant's motion is denied.
FACTS
The defendant in an eight-count indictment was charged with acting in concert with others to commit inter alia the crime of murder in the second degree.
On February 13, 1991, the defendant was convicted by a jury of murder in the second degree and related crimes and was sentenced on March 15, 1991, to a term of twenty-five years to life imprisonment.
[*2]POST TRIAL PROCEDURAL HISTORY
Defendant appealed his conviction to the New York State Appellate Division, Second Department arguing that he was deprived of his right to confrontation because the statements of two of his co-defendants had been improperly admitted into evidence at trial. Additionally, defendant claimed that the prosecution erroneously introduced extrinsic evidence of uncharged crimes committed by defendant. Nevertheless, defendant's conviction was affirmed. People v. Khan, 200 A.D.2d 129, 613 N.Y.S.2d 198 (2d Dept. 1994). Thereafter, leave to appeal to the Court of Appeals was denied. People v. Khan, 84 N.Y.2d 937, 621 N.Y.S.2d 534 (1994).
Subsequently, defendant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York asserting that the Appellate Division was mistaken when it ruled that his constitutional right to confrontation had not been violated. Magistrate Judge Roanne L. Mann reviewed defendant's petition de novo because the state court had misinterpreted federal constitutional law. Judge Mann concluded that the redaction of the co-defendants' statements was proper except in one instance and that error was deemed harmless. Thus, on or about November 27, 1997, defendant's petition was dismissed by the District Court (Raggi, U.S.D.J).
Defendant then filed a certificate of appealability to the United States Court of Appeals for the Second Circuit. This was granted and a briefing was required upon the following issues: the level of deference due to the Appellate Division's decision pursuant to 28 U.S.C. 2254(d) and the constitutionality under the Sixth Amendment's Confrontation Clause of the United States Constitution of the admission of co-defendants' redacted statements, and the harmlessness of that admission. The United States Court of Appeals for the Second Circuit found that any error in redaction had been harmless and defendant's application for the writ was denied. Khan v. Portuondo, 1 Fed. Appx. 16, 2001 WL 11048 (2d Cir. 2001).
Defendant next applied for a writ of certiorari to the United States Supreme Court. This application was denied.
On February 19, 2002, this Court denied a motion pursuant to CPL 440.20 by defendant to set aside his sentence upon the grounds that it was excessive.
In defendant's present motion before this Court, he is moving pursuant to CPL 440.10 to set aside his judgment of conviction upon the ground that his right of confrontation under the Sixth Amendment has been violated because of the decision of the United States Supreme Court on March 8, 2004 in Crawford v. Washington. Defendant argues that because the redacted statements of his co-defendants were admitted at their joint trial, he was denied his right to confrontation since he did not have an opportunity to cross-examine the co-defendants. Defendant asserts that in light of Crawford, which he clearly asserts should have retroactive effect, his conviction should be overturned. By relying upon Crawford to seek a reversal of his conviction, defendant is arguing that the redacted statements by his co-defendants, which were admitted at trial, were testimonial and thus, denied him his right of confrontation.
DECISION
I. Defendant's Claim That Crawford Has Retroactive Effect and Should Be Applied to His Trial is Erroneous and, in Any Event, if Crawford Was Analyzed Utilizing the Facts of Defendant's Case, the Result Would Remain Unchanged.
Initially, the Constitution does not require, nor does it prohibit retrospective analysis or effect as to the application of a new doctrine. See Brown v. Louisiana, 447 U.S. 323, 100 S. Ct. 2214 (1980). "Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. . . ." See Brown, supra, quoting Williams v. United States, 401 U.S. [*3]646, 653, 91 S. Ct. 1148 (1971).
Notably, Brown analyzed retrospective analysis when a defendant's direct appeal was still pending. Here, no appeals were pending. Thus, defendant seeks to have Crawford applied retroactively on collateral review of this conviction, which conviction was final at the time of the Supreme Court's decision in Crawford. Therefore, this Court now engages in discussion of retroactive application of the Crawford decision on collateral review and the proper standard to be applied for a finding of retroactivity under these circumstances.
New York State applies the United States Supreme Court test to determine retroactivity. See People v. Eastman, 85 N.Y.2d 265, 624 N.Y.S.2d 83 (1995). Therefore, the following is an application of the test for retroactive application which has been applied by the United States Supreme Court for collateral matters as enunciated in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989), and further clarified in Tyler v. Cain, 533 U.S. 656, 121 S. Ct. 2478 (2001).
The test applied by Teague for the retroactive application of a new rule, which we have here,[FN3] is that retroactive application does not occur unless one of two exceptions are met. Notably, only the Supreme Court can make "[A] new rule of constitutional law" retroactive to cases on collateral review. See Tyler v. Cain, supra.[FN4] These two exceptions are: "First, a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Teague, supra at 307(quoting Mackey v. United States, 401 U.S. 667, 692, 91 S. Ct. 1160 (1971)). "Second, a new rule should be applied retroactively if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." Teague, supra at 307 (quoting Mackey, supra at 693, quoting Palko v. Connecticut, 302 U.S. 319, 325, 58 S. Ct. 149, (1937)(Cardozo, J.)), overruled on other grounds by Benton v. Maryland, 395 U.S. 789 (1979). Therefore, unless a case on collateral review falls within one of the above two exceptions for retroactive application, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague, supra at 356.
Since the first exception is inapplicable here because Crawford does not proscribe certain kinds of primary or private conduct beyond the power of the criminal law, the applicability of the second exception must be analyzed such that "if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty," retroactivity will apply.
This second exception has been interpreted by the Supreme Court to apply to "watershed rules of criminal procedure." See Teague, supra at 356. The Teague Court quotes Justice Harlan in his decision in Mackey, supra at 693-9,4 to further explain this concept:

Typically, it should be the case that any conviction free from federal constitutional error at the time it became final, will be found, upon reflection, to have been fundamentally fair and conducted under those procedures essential to the substance of a full hearing. However, in some situations it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found [*4]to vitiate the fairness of a particular conviction. For example, such, in my view, is the case with the right to counsel at trial now held a necessary condition precedent to any conviction for a serious crime.
Thus, issues that deal with the fundamental fairness of the trial would fall within this exception. However, the analysis of this second exception which would permit retroactivity despite the general rule of non-retroactivity does not end here. In Teague the scope of this exception was limited by the Court "to those new procedures without which the likelihood of an accurate conviction is seriously diminished." Teague, supra at 313.
Two requirements must be satisfied for the new rule to fall within this second exception. "Infringement of the rule must 'seriously diminish the likelihood of obtaining an accurate conviction,' and the rule must 'alter our understanding of the bedrock procedural elements' essential to the fairness of a proceeding." See Tyler, supra at 644.
Under the facts of defendant's case, the evidence against defendant was overwhelming. Defendant provided three guns to the authorities after the murder and stated that one of them had been used recently and that it "puts people down." Independent testimony proved that defendant owned the gun. Testing on the gun by ballistics confirmed that it was the murder weapon. Furthermore, defendant himself testified at trial that he shot the victim, claiming he did so in self-defense. Moreover, in his trial testimony, defendant admitted shooting the victim as he sat next to the victim in the passenger seat of a small car. The main focus at trial, asserted by defendant, was that the shooting was in self-defense. Thus, the prong in the second exception which would permit retroactivity to apply, if the "likelihood of obtaining an accurate conviction" was seriously diminished is not applicable here. Clearly, there was overwhelming evidence of defendant's guilt and any argument that the co-defendants' admissions, which were properly admitted as discussed below, would have had a determinative impact upon the verdict is meritless. Therefore, this prong of the second exception has not been met and retroactivity is not warranted.
Furthermore, the new rule in Crawford does not alter our understanding of a bedrock procedural element essential to the fairness of the proceeding. Again, this is the second prong that is required in order to allow retroactive application of Crawford under the second exception to the general rule prohibiting retroactive application. Although the Confrontation Clause is clearly a bedrock principle, it is its application that is controlling here. Crawford, does not change principle, it only provides a test for the admissibility of hearsay statements to courts so that they can properly apply this bedrock principle. The Supreme Court in Crawford does not change the fact that a defendant always has his right of confrontation, it is just a matter of what encompasses that right. Now the Court in Crawford has provided further guidance to the lower courts by holding that all testimonial evidence against a defendant is inadmissible unless subject to cross-examination. Thus, under our facts, retroactive application is not warranted since the co-defendants' statements were not testimonial against this defendant. Thus, the Confrontation Clause as analyzed in Crawford is not dispositive here, and the Crawford analysis does not apply as discussed below.
The "truth-finding function" was not impaired, no serious questions about the accuracy of the guilty verdict for defendant's past trial is raised, and defendant was not denied fundamental fairness that would "seriously diminish the likelihood of obtaining an accurate conviction." See Teague, supra at 315.[FN5] Therefore, this is not a bedrock procedure element that would be applied [*5]retroactively under the second exception.
Thus, this Court declines to apply retrospective analysis of the Crawford doctrine, which is inapplicable here in any event, as discussed below.[FN6]
Nevertheless, this Court now turns to a discussion of Crawford and the merits of defendant's argument.
II. Even if Crawford Was Analyzed Under the Facts of Defendant's Case, the Result Would Be the Same Since Co-Defendants' Redacted Statements Were Not "Testimonial Evidence" Against This Defendant; Thus, Defendant's Arguments are Meritless.
Defendant seeks to vacate his judgment under CPL 440.10(1)(h) which provides that a defendant may move to vacate a judgment upon the ground that: "[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States." Specifically, defendant argues that his right to confrontation was denied by the admissibility of statements by his co-defendants at trial, which were redacted to delete any reference to this defendant. Defendant argues that co-defendants' statements were testimonial in nature under Crawford and since he did not have the opportunity to cross-examine, his right to confrontation was denied.
Upon a review of Crawford, despite this Court's opinion that it does not have retroactive effect here, a Crawford analysis reveals that defendant has misapplied the law and issues addressed in Crawford as related to a defendant's confrontation rights. Crawford simply does not apply here.
Recently, in Crawford v. Washington, supra, the United States Supreme Court addressed the admissibility of testimonial evidence and a defendant's right of confrontation. The issue addressed in Crawford was whether an out-of-court statement by a spouse which was admissible under a hearsay exception against his or her spouse violated a defendant's right to confrontation.[FN7] Notably, the admissibility of the out-of-court statement came into evidence but the Washington State marital privilege prevented the wife from testifying against her spouse without his consent. Thus, in essence, the out-of-court statement of a spouse was being admitted into evidence without the actual testimony of the declarant spouse because of the marital privilege and no cross-examination could occur. "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" See Crawford, supra at 1359. Although not all hearsay implicates the Sixth Amendment's Confrontation Clause, those witnesses who "bear testimony" against the accused are subject to confrontation. See id. at 1364. Thus, the Supreme Court held that out-of-[*6]court statements when offered against the accused can be testimonial and subject to cross-examination pursuant to the Confrontation Clause. (emphasis added).
"Testimonial" was defined as "typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact'. . . . An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." See id. The Supreme Court did not provide an exhaustive list of what would be considered "testimonial" but did provide the following as testimonial examples:

Ex parte in-court testimony or its functional equivalent - - that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially, . . . extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions . . . ; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."
See id.; see also United States v. Massino, ___ F. Supp. ___, 2004 U.S. Dist. LEXIS 9733 (E.D.N.Y. June 1, 2004)(admission of co-defendants' guilty pleas considered "testimonial" under facts of case because defendant was alleged to be "crime boss"and, thus, aware of, and approving of, acts of defendants who pled guilty; therefore, pleas would be considered testimonial against defendant and even if not testimonial would be more prejudicial than probative).
Whether testimony is reliable is not determinative of the right to cross-examine pursuant to the Confrontation Clause. See id. at 1370-71. Therefore, if evidence is testimonial, cross-examination must be available pursuant to the Confrontation Clause. (emphasis added). "Where testimonial evidence is at issue, . . . , the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." See id. at 1373.[FN8] Thus, in Crawford, the Supreme Court held that the wife's statement was testimonial and that a violation of the Confrontation Clause occurred because she was not subject to cross-examination and the matter was remanded.
Here, defendant is claiming that statements made by co-defendants, which were properly redacted so as not to reference defendant, were improperly admitted at trial and that he was denied his right to confrontation since these co-defendants did not testify.[FN9] However, defendant is incorrect. The statements were admitted into evidence against the declarants, the co-defendant's themselves, not against this defendant. Thus, they were not "testimonial" evidence against this defendant and Crawford is inapplicable.
In United States v. Cuong Gia Le, 2004 U.S. Dist. LEXIS 7124 (E.D. Va. April 23, 2004), the District Court addressed a similar issue with analogous facts. In Cuong Gia Le, the prosecutor sought to introduce statements made by defendants at a joint trial. Defendants' asserted violations of their right of confrontation under the Sixth Amendment arguing that Crawford applied. However, the District Court found that Crawford did not apply. The District Court reasoned that a crucial difference existed between the wife's statement which was at issue in Crawford and the redacted statements that the defendants before it sought to exclude. In Crawford the statement of the defendant's wife "was both facially incriminating and introduced against the defendant challenging the statement." Furthermore, the Cuong Gia Le Court [*7]continued in their analysis noting that in Crawford there was only one defendant in the case:

Here, after the proper redactions are made, which either eliminate the existence of a co-defendant entirely or utilize neutral pronouns, the statements the government seeks to introduce do not facially incriminate any of the defendants other than the declarants themselves. . . . Nor will any of the statements be introduced as evidence against the co-defendants who did not make them. A proper limiting instruction will resolve any doubts in jurors' minds concerning how these statements may be used by making clear that the statements may be considered only against the declarant.
Cuong Gia Le, supra at *21-22, citing Richardson v. Marsh, 481 U.S. 200, 107 S. Ct. 1702 (1987).
Therefore, for the same reasons as applied in Cuong Gia Le, this Court finds that Crawford is inapplicable even upon reaching the merits of defendant's argument.[FN10] See also United States v. Okechukwu Ezeh, 2004 U.S. App. LEXIS 4897 (2d. Cir. March 15, 2004)(defendant's right of confrontation not denied where non-testifying co-defendant's redacted statement admitted at trial).
This Court has reviewed defendant's claims and finds them to be without merit.
Accordingly, defendant's motion is denied in its entirety.
Kew Gardens, New York
Dated: June 23, 2004 
SEYMOUR ROTKER
JUSTICE SUPREME COURT
DEFENDANT PRO SE, For the Motion. RICHARD A. BROWN, D.A., BY: A.D.A. EMIL BRICKER, for plaintiff.
Footnotes

Footnote 1:In a separate application, defendant seeks assignment of counsel claiming that he has insufficient income and property to enable him to pay costs, fees and expenses needed in this action. This application has been denied in a separate decision.

Footnote 2:Defendant's claims are procedurally barred pursuant to CPL 440.10(2)( a) as the issues have already been addressed. Nevertheless, because defendant is claiming a violation under Crawford, decided March 8, 2004 under the theory that there has been a retroactive change in the law, this Court has chosen to address the arguments raised by defendant even though defendant is incorrect. An analysis of defendant's claims under Crawford, as well as its retroactive applicability, was necessary to reach this conclusion.

Footnote 3:A new rule is announced "when it breaks new ground or imposes a new obligation on the States or the Federal Government." See Teague, supra at 301, citing Rock v. Arkansas, 483 U.S. 44, 62, 107 S. Ct. 2704 (1987). Here, Crawford applies a new application to the admissibility of evidence, i.e. hearsay.

Footnote 4:"The only way the Supreme Court can, by itself, 'lay out and construct' a rule's retroactive effect, or 'cause' that effect 'to exist, occur, or appear,' is through a holding. The Supreme Court does not 'make' a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts. In such an event, any legal conclusion that is derived from the principles is developed by the lower court (or perhaps a combination of courts), not by the Supreme Court." See Tyler, supra at 663.

Footnote 5:In Teague, the Court held that the Sixth Amendment requirement that petit juries are required to be composed of a fair cross section of the community was not a bedrock procedural element that would be retroactively applied to the defendant's conviction which was final before Batson was decided. "Because a decision extending the fair cross section requirement to the petit jury would not be applied retroactively to cases on collateral review under the approach we adopt today, we do not address petitioner's claims." See Teague, supra at 360. 

Footnote 6:It is also this Court's opinion, although this question has not yet been addressed by the courts, that retrospective analysis of Crawford is not warranted. Despite historical situations whereby a defendant's right to confrontation would now be considered violated under Crawford, retroactive effect of the analysis in the decision is not warranted. Criminal cases where evidence, which is now deemed "testimonial" under Crawford, was admissible in the past but, was still subject to testing in which its reliability was questioned by the court prior to admission pursuant to various rules of evidence. Thus, although reliability is no longer the test for admissibility under Crawford and cross-examination must occur for the admission of evidence which is testimonial, no likelihood exists that the truth-finding function was compromised in prior cases or that serious questions about the accuracy of past guilty verdicts can be raised because the evidence was at least subject to a reliability test.

Footnote 7:The statement of defendant's wife was being admitted as a hearsay exception in Crawford as a declaration against penal interest.

Footnote 8:Where evidence is non-testimonial and is hearsay, states have the flexibility to develop their hearsay law because the Confrontation Clause analysis is not applicable. See Crawford, supra at 1373.

Footnote 9:Any error in redaction or admission was previously deemed harmless by the appellate courts.

Footnote 10:This Court need not do an analysis as to the proper redaction and admissibility of the statements of co-defendants at issue here since this matter was already addressed by the United States District Court. The analysis by the District Court was necessary because the state court incorrectly construed the Sixth Amendment to include not only examining the redacted confessions in isolation, but in view of the trial as a whole which is an incorrect analysis under federal law. See Decision, annexed as defendant's exhibit "13". In any event, the District Court found that the statements were properly admitted, and, although an admission by one of the co-defendants was improperly introduced, its introduction was harmless, under a harmless error analysis.
Furthermore, a proper limiting instruction was given to the jury regarding their use of the statements of co-defendants at trial.